## REYNOLDS *vs.* DENMAN.

A direction in a will that the testator's daughter should have a support out of his estate, when she should be sick *and* unable to support herself, while a widow, does not entitle her to such support, though she is old and very infirm, and unable to support herself, no sickness being alleged.

This cause was argued on a demurrer to the complainant's bill.

*Mr. J. Whitehead,* in support of the demurrer.

*Mr. J. W. Field,* for complainant, contra.

THE CHANCELLOR.

Smith Denman, the father of the complainant, and of the defendant, died in April, 1844. By his will duly executed, after certain legacies to several of his children, he gave to his

wife, Esther, all his real and personal estate, for her life, and gave to his daughter Abigail, the complainant in this suit, the use of the bed-room then occupied by her, as long as she remained a widow, and directed that she should have a support out of his estate when she should be sick and unable to support herself, while a widow; and then he devised the use of all his real estate, after the death of his wife, to his son, Jacob S. Denman, during his life, and then to Jacob's children, except his said son should die without any male heir, and then he directed that one third part of the value of his real estate at the date of the will should be divided among the testator's other heirs.

The complainant alleges that she has remained and still is a widow, that she is old and very infirm, and unable to support herself, but does not allege that she is sick. Jacob was appointed executor of the will, and took out letters testamentary thereon. The bill does not allege that there was any personal property, or that the widow of Smith Denman is dead, or that the defendant received any personal estate of the testator, but alleges that she is entitled to a support out of the real estate of her father, and that she has requested the defendant to furnish such support, and that he refuses to furnish it. The bill prays a discovery of the real estate of the testator, and of all deeds relating thereto, and that the defendant may be decreed to give the complainant a support out of the real estate of the testator.

The defendant contends that there is no equity or title to relief in equity stated in the bill; the only right to support given by the will is in case she is sick, and unable to support herself while she is a widow, and as she does not allege that she is sick, she is not entitled to such support. Such is the plain direction of the will, and there is nothing by which any different construction can be put upon it. The support is given only in case she is sick *and* unable to support herself. That she is unable to support herself, is not sufficient to entitle her to the support, nor is the fact that she is old and infirm, sufficient. It is not the case provided for in the will;

it was not provided for, or intended to be provided for, by the testator, who knew that if she lived, she would some day become old and infirm. As he has not provided for this, it must be held that he did not intend to impose that remote burden upon his estate.

The demurrer must be sustained.